IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAY T. SLACK, SR., #N97934**<br><br>**Plaintiff,**<br><br>v.<br><br>**DONALD BUNT AND MATT MELUCCI,**<br><br>**Defendants.** | **Civil Case No. 12-cv-210-JPG** |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ray T. Slack, Sr., currently incarcerated at Menard Correctional Center, brought this *pro se* civil rights action pursuant to **42 U.S.C. § 1983**. Slack challenges the conditions he experienced while detained at the Madison County Jail between May, 2011, and January, 2012. During this time, several pieces of legal mail addressed to Slack from his attorney were opened before being delivered. He sues Donald Bunt, the administrator of the jail. Bunt delivered one item of opened mail and explained that the letter had been opened before he received it. Slack also sues Matt Melucci, the Madison County Circuit Clerk. Slack seeks an award of damages, describing his fear that the contents of his legal mail were distributed to prosecutors handling his criminal case, jeopardizing his defense.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Repeated opening and reading of a detainee's legal mail outside his presence is actionable under 42 U.S.C. § 1983. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). Accepting Slack's allegations as true, the Court finds that he has articulated a colorable federal cause of action:

>    **Count 1:** A claim that Slack was deprived of his Fourteenth Amendment right of access to the courts.

The Complaint is deficient because Slack did not name the person or persons who opened or read his legal mail. The allegations do not plausibly suggest that Bunt or Melucci are liable based on their own conduct. While both hold supervisory positions, they are not responsible for the misdeeds of others because the doctrine of *respondeat superior* does not extend to § 1983 litigation. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). In these circumstances, the Court will allow Slack to proceed against Donald Bunt during the initial stage of this litigation in order to give Slack an opportunity to use discovery to identify the person or persons who opened or read his legal mail. *See Donald v. Cook County Sheriff's Dept.* 95 F.3d 548, 555 (7th Cir. 1996). During pretrial proceedings, the Magistrate Judge shall set an appropriate deadline by which Slack must amend his Complaint in order to name the proper defendant or defendants.

### Disposition

Plaintiff's claim against Matt Melucci is **DISMISSED without prejudice**. The Clerk of Court shall prepare for defendant Donald Blunt: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendant or counsel. If plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    IT IS SO ORDERED.

    DATED:  August 22, 2012

    *s/J. Phil Gilbert*
    **United States District Judge**